## Case No. 17,801a.

### WILSON v. EADS.

[Hempst. 284.] [1]

Superior Court, Territory of Arkansas. July, 1835.

SPECIAL BAIL — STAY OF EXECUTION — LIABILITY FOR DEBT.

1. Special bail for the stay of execution before a justice of the peace, become liable to pay the debt, in case it is not paid by the principal, or made out of his property, on the issuing of execution at the expiration of the stay, and nothing can discharge the bail except payment of the judgment.

2. Bail cannot complain of what is for his benefit, or by which he is not injured.

Error to Hempstead circuit court.

[This was an action by Berry A. Wilson against Thomas Eads.]

Before JOHNSON, and YELL, JJ.

JOHNSON, J. On the 24th day of January, 1829, Wilson, the plaintiff in error, recovered a judgment against Robert B. Musick, for the sum of eighty-three dollars debt, and five dollars and sixty cents damages, and the costs of the suit, and on the same day, Eads, the defendant in error, appeared before the justice and acknowledged himself jointly bound with Musick for the stay of execution. On the 24th of July, the stay of execution having expired, Wilson caused execution to be issued against Musick and delivered it to the proper officer, who made return thereon, on the 19th day of August, 1829, in the following words: "No goods or chattels are found in my township to levy on, nor is the body of the defendant Robert B. Musick." A second execution issued on the 19th of August, on which a part of the debt was made, and returned on the 18th of September, and a third execution issued on the last-mentioned day, and was returned on the 1st of October, on which nothing was made. On the 26th of August, 1829, Wilson sued out from the justice who rendered the judgment, a scire facias against Eads as special bail, which was duly served upon him. On the 30th of September, 1829, the justice rendered judgment that execution issue in favor of Wilson against Eads and Musick jointly. To this judgment Eads sued out a writ of certiorari from the Hempstead circuit court, where the judgment of the justice

awarding a joint execution against Eads and Musick was reversed, and judgment for costs given in favor of Eads; and to this judgment this writ of error is prosecuted.

It is admitted that the judgment obtained by Wilson against Musick, is regular and free from error. The only inquiry now before the court, relates to the judgment against Eads, the defendant in error.

The counsel for the defendant in error contend that the judgment is erroneous upon two grounds: First, because the execution against Musick was not returned in twenty days from its date, and a scire facias issued forthwith against Eads. And secondly, because the plaintiff Wilson caused two other executions to be issued against Musick, and thereby released the defendant Eads. It is material to inquire into the nature and extent of the obligation entered into by the special bail for the stay of execution, upon a judgment rendered by a justice of the peace. The act of the legislature, passed the 26th day of October, 1825 (page 20), provides: "That any person who shall hereafter become special bail for any defendant against whom judgment may be rendered, so as to entitle such defendant to stay of execution, such bail shall, before the justice of the peace, acknowledge himself jointly bound with such defendant in the full amount of such judgment and costs, which judgment the justice shall enter upon his docket, and at the time limited for the stay of execution shall issue execution against the principal, and if the principal shall not satisfy the execution, and if the bail shall not show property, and constable cannot find property of the principal to satisfy said execution, then, and in either case, it shall be the duty of the constable to return said execution to the justice within twenty days of the date thereof, whose duty it shall be to issue scire facias against such bail requiring him to show cause why execution should not forthwith issue against him for the judgment and costs aforesaid; and if he fails to show sufficient cause the justice shall issue execution against both principal and bail." Ter. Dig. 364. From the provisions of this act it is manifest that the obligation into which the special bail for the stay of execution enters, is, that he will pay the judgment, provided an execution shall be issued against the principal at the time limited for the stay, and the amount of the judgment cannot be made out of the principal. There is no provision in the act that the special bail may discharge himself by the delivery of the body of the principal. He becomes jointly bound for the amount of the judgment in consideration of the time given for the principal, and if it cannot be made on execution against the principal, his liability is fixed, and from which nothing can discharge him except the payment of the judgment.

The execution against Musick was not returned within twenty days, and this is relied upon as a ground for discharging the special bail from his responsibility. The provision of

---

1 [Reported by Samuel H. Hempstead, Esq.]

the statute requiring the return of the execution within twenty days was introduced solely for the benefit of the plaintiff in the execution, and the failure of the officer to return it within that time cannot possibly operate to the prejudice of the special bail.

The alias executions taken out against Musick might and did operate for the benefit of Eads, but could not possibly prejudice his rights. Judgment reversed.